NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re: | : | Hon. Stanley R. Chesler |
| JESS Medical Systems, LLC, | : | Civil Action No. 04-6139 |
| Debtors | : | **OPINION and ORDER** |

**CHESLER, U.S. District Court Judge**

**THIS MATTER** comes before the Court on Appellant Valmed Management Corporation's appeal from two orders entered by the United States Bankruptcy Court on October 4, 2004, and November 16, 2004 (docket entry #1). The Court, having considered the papers submitted by the parties, having heard oral argument, and for the reasons set forth in the record on oral argument of February 22, 2005, affirms in part and reverses in part.

**I. BACKGROUND**

Jess Medical Systems filed for bankruptcy pursuant to Chapter 11 of the bankruptcy code on October 27, 2003 and a trustee was appointed on November 5, 2003. On December 9, 2003, the Bankruptcy Court converted the case to a Chapter 7 liquidation and Nancy Isaacson, Esq. was appointed Trustee of the Chapter 7 estate.

On December 11, 2003, the Trustee filed an Information for Notice of Abandonment of property in the estate described as a "Potential claim against WebMD under the New Jersey Franchise Act, N.J.S.A. 56:10-3 FMV: Unknown." The Clerk of the Court issued a

corresponding Notice, which was served upon the parties in interest in accordance with the rules of the Court. No objections were filed in response to the Notice, therefore, the Clerk filed a Certificate of No Objection on January 5, 2004, and the potential claim against WebMD under the NJFPA was abandoned.

In March 2004, the Trustee and WebMD entered a Stipulation of Settlement settling claims between the Debtor and WebMD. On April 22, 2004, the Trustee filed an Information for Notice of Settlement. A corresponding Notice issued by the Clerk and served upon the interested parties stated that "WebMD ... has agreed to pay the sum of $24,539.00 in settlement of the Trustee's claims." Appellant Valmed Management filed an objection to this settlement on May 10, 2004, and the Bankruptcy Court held a hearing on May 24, 2004, to resolve the objection.

The Court overruled Appellant Valmed's objection and approved the settlement between the Trustee and WebMD. In the Court's May 24 ruling, the Court noted that the Trustee did not ignore the causes of action as alleged by Valmed, but instead evaluated the tort and contract claims and determined they were not viable. (May 24 Tr., p. 15, lines 6-15.) The Court found that the Trustee used the release of those claims as a bargaining chip in striking a more favorable deal on a preference action. (Id.)

Following this ruling, in the closing colloquy, Appellant Valmed's attorney asked the Judge whether she agreed with the Trustee's analysis that the contract claim had been abandoned. The Judge responded affirmatively. (Id. at pp. 16-17.) This final interaction between the Appellant's attorney and the Judge is central to the instant appeal.

In September 2004, in response to arguments made by Appellant Valmed in the course of motion practice in a related case between the parties,[1] Appellee WebMD moved for a clarification of the Bankruptcy Court's May 24, 2004 Order ("Clarification Motion"). Appellant Valmed held the position that on May 24, the Bankruptcy Court ruled that the NJFPA Claim also included any breach of contract claims by JESS against WebMD. However, Appellee WebMD contended that WebMD obtained a release encompassing all of the Debtor's claims against WebMD, including any "theft of business claims," whether characterized as a tort or contract claim. The release, according to WebMD, did not include any specific claim previously abandoned by the Trustee, but such a claim was limited to a potential statutory claim under the NJFPA existing as of the commencement of the bankruptcy case.

The Bankruptcy Court held a hearing on October 4, 2004, on the Clarification Motion. Following oral argument, the Court ruled that "the Trustee intended to release the contract claim and that the court intended to approve the release fo the contract claims." (Oct. 4 Tr., p. 14, lines 6-8.) The Court signed the form of order proposed by WebMD, which stated in part: "Potential claims against WebMD abandoned by the Chapter 7 Trustee on January 5, 2004 ... include only potential statutory claims under the New Jersey Franchise Practices Act, if any, existing as of the commencement of the instant bankruptcy case." (Oct. 4, 2004 Order, see Appellee's Br. App., Ex. A.) The October 4 Order is one of the orders on appeal to this Court in the instant case.

On October 15, 2004, Appellant Valmed filed a Motion for Reconsideration of the October 4, 2004 Order, which was denied. The Bankruptcy Court's denial of the

---

[1] Valmed Holding Corp. v. WebMD Practice Svs., Inc., 03-cv-5953(D.N.J.). Valmed alleged that WebMD violated the NJFPA in this related District Court action.

Reconsideration Motion of the Clarification Order ("November 16 Order") is also on appeal to this Court.

The instant appeal is very narrow. Specifically, Appellant Valmed contends that the Bankruptcy Court had no authority to revisit and clarify its May 24 ruling. Appellant maintains the position that when the Bankruptcy Court heard the Clarification Motion and issued the October 4 Order, the Bankruptcy Court effectively reconsidered and reversed the May 24 decision. As such, Appellant contends that the Bankruptcy Court lacked jurisdiction to hear the Motion and improperly issued the October 4 Order. Further, Appellant Valmed appeals the November 16 Order, which denied its Motion for Reconsideration of October 4 Clarification Order.

This Court, having heard oral argument on February 22, 2005, and having reviewed the papers submitted by the parties, affirms in part and denies in part, for the reasons set forth below.

## II. STANDARD OF REVIEW

The proper standard of review to be applied by a district court when reviewing a ruling of a bankruptcy court is determined by the nature of the issues presented on appeal. Legal conclusions of the bankruptcy court are subject to *de novo* or plenary review by the district court. Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir. 1997); Chemetron Corp. v. Jones, 72 F.3d 341, 345 (3d Cir. 1995). In contrast, factual determinations of the bankruptcy court are not to be set aside unless "clearly erroneous." See Fed. R. Bankr. P. 8013; Chemetron, 72 F.3d at 345; In re Indian Plans Assocs., Ltd., 61 F.3d 197, 203 (3d Cir. 1995).

On review of the factual findings of a bankruptcy court, a district court must "give due regard to the opportunity of that court to judge, first-hand, the credibility of the witnesses." Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc., 57 F.3d 1215, 1223 (3d Cir. 1995).  The fact that the reviewing court could have decided a matter differently does not render a finding of fact clearly erroneous.  In re Halvajian, 216 B.R. 502, 508 (D.N.J. 1998). When reviewing a matter committed to the bankruptcy court's discretion, this Court may only determine whether or not the bankruptcy court abused its discretion.  Id.  Where a matter presents mixed questions of law and fact, it is appropriate to apply the relevant standard to each component of the issue.  Chemetron, 72 F.3d at 345.

**III. DISCUSSION**

As stated earlier, the issues on appeal before this Court are very narrow.  First, this Court is asked to determine whether the Bankruptcy Court had jurisdiction to hear the Motion for Clarification of the May 24 Order, and enter the subsequent October 4 Order.  Second, the Court is asked to determine whether the Bankruptcy Court was correct to deny Appellant's Reconsideration Motion, resulting in the November 16 Order.

This Court affirms in part, and reverses in part.  However, the reversal is very limited, only finding that the form of order entered on October 4, specifying that the potential NJFPA claims were abandoned by the Trustee, should have included NJFPA claims arising pre- and post-petition.  The Court remands only that portion of this dispute back to the Bankruptcy Court for an entry of an order consistent with this finding.

### A. October 4 Order ("Clarification Motion")

Appellant's argument that the Bankruptcy Court lacked jurisdiction to hear the Clarification Motion is flawed in that it is based upon its belief that the Bankruptcy Court did not clarify, but instead changed, the May 24 ruling. This Court sees no evidence in the record of such conduct. Appellant points the Court to a portion of the transcript from the May 24 hearing wherein the Bankruptcy Judge indicated that the contract claims were derived from the franchise agreement. (May 24 Tr., p. 15, lines 10-12.) However, reading this language in context, it is clear to this Court that the Bankruptcy Judge was not ruling that the contract claims were abandoned. Instead, the Judge's decision, read in its entirety, reveals that she concluded those claims were released after careful analysis by the Trustee. (Id. at p. 15-16.) The Judge found that the Trustee considered these claims "not viable" and that the Trustee used the claims "as part of striking a more favorable deal on the preference action." (Id. at p. 16, lines 7, 11-13.) Nothing about the Bankruptcy Court's discussion of the contract claims leads this Court to believe that the Judge determined on May 24 that the contract claims were indeed abandoned. The language highlighted by Appellant is taken out of context and does not support a viable argument in its favor.

Appellant points the Court to the closing colloquy with the Judge at the May 24 hearing wherein the Appellant's attorney asks the Judge for a "clarification." (Id. at p. 16, line 22-24.) Despite what appears to be an affirmative response by the Judge to the attorney's question as to whether the contract claim had been abandoned, this sole comment is not supported by any of the previous analysis on the record. This Court agrees that, taken out of context, the statement does indeed appear to support Appellant's argument. However, this Court refuses to disregard the

extensive discussion in the Judge's decision, which contains no statement that she agreed the contract claim had been abandoned.

This final question by the Appellant's attorney is indeed what necessitated the Clarification Motion, and as such this Court finds that the Bankruptcy Judge's hearing on this Motion was perfectly appropriate. The closing colloquy of the May 24 hearing necessitated clarification of the record as the Bankruptcy Judge did not issue an order following the May hearing. As such, this Court finds the Bankruptcy Judge certainly had jurisdiction to make clear her actual findings and her consideration of the Appellee's Clarification Motion was well within her discretion. A review of the transcript as a whole does not indicate that the Judge's ruling on the Clarification Motion was in any way adverse to her previous decision and it was indeed simply a clarification of her previous findings.

This Court finds that the Bankruptcy Judge throughly and accurately considered the facts before her, including those provided by the parties and the Trustee. The factual findings by the Judge satisfy the clearly erroneous standard of review, and her decision with regards to the contract claims as articulated in the Clarification Motion and the subsequent October 4 Order are affirmed. However, with regard to the NJFPA claims, this Court is convinced after a review of the record and the parties representation to this Court, that the Bankruptcy Court's October 4 Order does not accurately reflect the findings with respect to the NJFPA claims. Specifically, the October 4 Order restricts the abandoned potential NJFPA claims to those that existed at the commencement of the bankruptcy, or in other words, pre-petition. The Notice of Abandonment does not distinguish between pre- and post- petition NJFPA claims and there is nothing in the record before the Court that makes this distinction either. Despite Appellee's representation at

oral argument that a bankruptcy practitioner might have understood the Notice to refer only to pre-petition claims, there is no evidence before this Court to support that position.

Therefore, this Court finds that October 4 Order should have referred to and included both pre- and post- petition NJFPA claims with respect to those claims that were abandoned. Essentially, this reverses a portion of the October 4 Order, however, this finding is in agreement with the record and hearings before the Bankruptcy Court. This Court is remanding only to seek entry of an Order consistent with the record.

### B. November 16 Order ("Reconsideration Motion")

Appellant contends that the Bankruptcy Court improperly denied its Motion for Reconsideration of the October 4 Order. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to prevent newly discovered evidence. Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). As such, a motion for reconsideration is not an appeal, and it is improper to ask a court to simply "rethink what [it] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).

This Court finds that the Bankruptcy Court did not abuse its discretion by declining to consider the Appellant's Motion for Reconsideration. Appellant argues that the October 4 Order was a clear error of law and the Bankruptcy Court erred by failing to correct its decision. However, this Court has already determined that the Bankruptcy Court was well within its jurisdiction to clarify its previous ruling and that the analysis of the contract claims was well-supported by the record. Therefore, this Court sees nothing improper about the decision to deny the reconsideration motion. The November 16 Order is affirmed.

**IV. CONCLUSION**

For the reasons set forth above, the October 4 Order of the Bankruptcy Court is affirmed in part and reversed in part.  The November 16 Order is affirmed.

**THEREFORE IT IS** on this 13th day of June 2005:

**ORDERED** that the Bankruptcy Court's November 16 Order is AFFIRMED; and it is further

**ORDERED** that the Bankruptcy Court's October 4 Order is AFFIRMED in part and REVERSED in part; and it is further

**ORDERED** that the Bankruptcy Court's October 4 Order is AFFIRMED as to potential contractual claims against WebMD, specifically that those claims were released; and it is further

**ORDERED** that the Bankruptcy Court's October 4 order is REVERSED as to potential claims against WebMD under the New Jersey Franchise Act, N.J.S.A. 56:10-3 ("NJFPA") arising post-petition; and it is further

**ORDERED** that the matter regarding the NJFPA claims is remanded to the Bankruptcy Court for entry of an order declaring both pre- and post- petition NJFPA Claims abandoned; and it is further

**ORDERED** that this District Court matter is CLOSED.

_____s/_____
STANLEY R. CHESLER
U.S. District Court Judge